UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN WINIFRED ROBERTS, JR.,

        Plaintiff,                    Case Number: 2:15-CV-14464
                                                  HON. GERALD E. ROSEN

v.

LIVINGSTON COUNTY, ET AL.,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE AND VACATING ORDER WAIVING PREPAYMENT OF THE FILING FEE (ECF NO. 7)

**I.**

Pending before the Court is Plaintiff Alvin Winifred Roberts' *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. The Court granted his application for leave to proceed without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). For the reasons which follow, the complaint is dismissed without prejudice and the order granting leave to proceed without prepayment of the filing fee is vacated.

**II.**

Plaintiff's complaint contains a laundry list of complaints regarding several different, unrelated occurrences. He states that in 2007 he was arrested at gunpoint by members of the Livingston County Sheriff's Department. He alleges that in the course of

the arrest he was assaulted and beaten and his right to be free from unreasonable search and seizure was violated. Plaintiff further alleges that he was coerced into involuntarily confessing to crimes he did not commit. Plaintiff then argues that, while incarcerated at the Livingston County Jail, he was denied adequate hygiene supplies. He also claims that he suffered severe withdrawal symptoms as he did not have access to medication. He argues that he was denied his right to an attorney at his arraignment and the bail set by the trial court was excessive. He claims he received ineffective assistance of counsel at his criminal trial and that his sentencing judge was biased against him. He also raises claims regarding the conditions at the Charles Egeler Reception and Guidance Center, where he is presently incarcerated. He argues that the restrooms lack soap, the facility is filled with black mold, and the ventilation system is contaminated. He claims that he is subject to daily taunts from inmates and staff regarding the nature of his conviction. Plaintiff states that he has been denied access to an adequate law library. He complaint that the food served is both poorly prepared and inadequate to meet basic dietary needs. He argues that prison staff members are attempting to kill inmates by treating them so poorly.

### III.

Plaintiff's complaint involves claims which arise out of separate incidents and which involve different parties and unrelated issues. Fed. R. Civ. P. 20(a) limits the joinder of parties in a single lawsuit, and Fed. R. Civ. P. 18(a) limits the joinder of claims. Fed. R. Civ. P. Rule 20(a)(2) provides: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> "Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 ..."
>
> "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all ..."

*Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D.Mich.2009) (quoting *Garcia v. Munoz*, 2008 WL 2064476, *3 (D.N.J. May 14, 2008) (*quoting* Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d, § 1655)).

"[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F.Supp.2d at 778. A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or

3

occurrence, including, "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id*. (*quoting Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, * 3 (E.D.Mich. Dec. 18, 2007)).

In the present case, Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Allowing prisoners to join unrelated claims and parties would thwart the goals of the PLRA by allowing prisoners to accumulate only a single strike if joining several unrelated, frivolous claims. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision). *See also Shephard v. Edwards*, 2001

4

WL 1681145, * 1 (S.D. Ohio August 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D.Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).  To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur multiple "strikes," for purposes of § 1915(g), should his claims turn out to be frivolous.

    The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court.  *See Proctor*, 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21) (additional citations omitted).  However, in this case, dismissal is appropriate.  Plaintiff fails to target particular allegations against particular defendants.  Therefore, the Court cannot determine which defendants are improperly joined.

    Accordingly, the Court VACATES its Order Waiving Prepayment of the Filing Fee (ECF No. 7), DENIES Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2), and DISMISSES the complaint without prejudice.  Further, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3) as moot.

**SO ORDERED**.

s/Gerald E. Rosen
United States District Judge

Dated: March 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135