UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN WINIFRED ROBERTS, JR.,

                Plaintiff,                      No. 15-cv-14464

vs.                                            Hon. Gerald E. Rosen

LIVINGSTON COUNTY, ET AL.,

                Defendants.

_____/

ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on August 1, 2016

PRESENT:  Honorable Gerald E. Rosen
United States District Judge

Plaintiff Alvin Winifred Roberts is incarcerated at the Charles Egeler Reception and Guidance Center Annex in Jackson, Michigan where he is serving a 25 to 50-year sentence for Criminal Sexual Conduct - First Degree.[1]  On March 3, 2016, the Court entered an Order (1) summarily dismissing, without prejudice, Plaintiff's *pro se* civil rights complaint and (2) vacating the Court's earlier order waiving prepayment of the filing fee.  Plaintiff now moves for reconsideration of that Order.

As indicated in the Court's March 3 Order, Plaintiff's complaint contains "a

_____

[1] *See* Michigan Offender Tracking Information at
http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=699868.

laundry list of complaints regarding several different, unrelated occurrences" over a nine-year period.  However, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is 'transactionally related' to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (some internal punctuation added; citations omitted).  The Court determined that Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.  To allow prisoners to join unrelated claims and parties would enable them to avoid the "three-strikes" provision of the PLRA -- an integral provision of the statute meant to curb frivolous prisoner litigation -- by allowing prisoners to accumulate only a single strike if joining several unrelated, frivolous claims.  See 3/3/16 Order, Dkt. # 12, p. 4 (collecting cases).

In the instant motion, Plaintiff disputes the Court's conclusion and argues that all of the defendants and claims in his Complaint are transactionally related to the first named defendant simply because he would not have been incarcerated (and thereby "subjected to cruel and unnecessary punishment..., lack of medical care..., and the loss of his leg") if it had not been for his arrest and prosecution (and the alleged misconduct of the law enforcement officers, prosecutors and judges involved).  However, it is not enough that the events complained of followed one another sequentially.  To be

2

transactionally related, Plaintiff's claims against each of the defendants must involve "common questions of law or fact." *Proctor*, 661 F. Supp. 2d at 778. Even a cursory review of the allegations in Plaintiff's Complaint demonstrates that Plaintiff cannot make this showing. For example, Plaintiff has not, and cannot, show that the alleged coerced confession by a Livingston County Sheriff when he was arrested in 2007 and the medical treatment he has or has not received from various members of the MDOC medical staff since 2011 involve any common question of law or fact.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also*

3

*Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling.  Generally, there are three situations which justify reconsideration under Rule 59(e):  (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."  *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly."  *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Plaintiff's March 17, 2016 motion.   Plaintiff Roberts' motion merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.  Furthermore,

Plaintiff has not shown a "palpable defect" by which the Court has been misled.

Accordingly,

      IT IS HEREBY ORDERED that Plaintiff's March 17, 2016 Motion for

Reconsideration **[Dkt. # 16]** is DENIED.  Plaintiff's June 28, 2016 Motion to Compel

**[Dkt. # 17]** is denied as MOOT.


                      s/Gerald E. Rosen_____
                      United States District Judge

Dated:  August 1, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2016, by electronic and/or ordinary mail.

                      s/Julie Owens_____
                      Case Manager, (313) 234-5135